Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| MIGDALIA CENTENO RODRÍGUEZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>HOGAR JARDIN DORADO Y OTROS<br><br>Peticionarios | TA2026CE00413 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre: Daños<br><br>Caso Núm. CG2025CV03177 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de mayo de 2026.

Comparece ante nos la parte peticionaria, Brenda I. Rodríguez Claudio (en adelante, parte peticionaria o Rodríguez Claudio), y nos solicita la revisión de la *Orden,* emitida y notificada el 27 de febrero de 2026, por el Tribunal de Primera Instancia, Sala de Caguas. Mediante esta, el Foro Primario eximió del pago de la fianza de no residente al recurrido, Víctor Centeno Rodríguez (en adelante, Centeno Rodríguez).

Por los fundamentos que expondremos a continuación, se expide el auto de *Certiorari*, y se revoca la *Orden* recurrida.

**I**

El 12 de septiembre de 2025 la parte recurrida, compuesta por el señor Centeno Rodríguez y Migdalia Centeno Rodríguez, presentó una *Demanda* sobre daños y perjuicios, pliego que posteriormente enmendó, en contra del Hogar Jardín Dorado y su dueña, la señora Rodríguez Claudio.[1] En resumen, la parte

---

[1] Apéndice del recurso, Entrada Núm. 1.

recurrida alegó que, desde el 9 de agosto de 2024, su madre estuvo bajo el cuidado del Hogar Jardín Dorado. Sostuvo que, como consecuencia de la negligencia crasa del Hogar y de la parte peticionaria, su madre sufrió un paro renal que, a su juicio, le ocasionó la muerte. Por ello, la parte recurrida solicitó una indemnización ascendente a diez millones de dólares ($10,000,000.00) por concepto de los daños y perjuicios sufridos por los sufrimientos y angustias mentales. Además, peticionó el pago de costas y gastos del litigio, así como doscientos cincuenta mil dólares ($250,000.00) por concepto de honorarios de abogado.

Tras varios incidentes procesales impertinentes pormenorizar, el 27 de febrero de 2026, la parte peticionaria presentó una *Urgente Solicitud de Imposición de Fianza No Residente y Paralización de los Procedimientos al amparo de la Regla 69.5 de las De Procedimiento Civil.*[2] En síntesis, señaló que de la demanda de epígrafe surgía que el señor Centeno Rodríguez residía en el estado de Florida, en los Estados Unidos. Por ello, solicitó que se le impusiera el pago de la fianza de no residente, conforme a lo dispuesto en la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5.

No obstante, el mismo día, el Tribunal de Primera Instancia emitió la *Orden* recurrida, mediante la cual declaró *No Ha Lugar* a la referida petición, ya que, según expresó, "uno de los codemandante[s] resid[ía] en Puerto Rico".[3]

Inconforme, y tras denegada una previa solicitud de reconsideración, el 6 de abril de 2026, la parte peticionaria presentó el recurso de *Certiorari* que nos ocupa. En el mismo, señaló la comisión del siguiente error:

> Erró y abusó de su discreción el Tribunal de Primera Instancia al eximir a un demandante y residente de la jurisdicción de Florida del pago de la fianza de residente

---

[2] *Íd.*, Entrada Núm. 28.
[3] *Íd.*, Entrada Núm. 29.

aun cuando el recurrido no cumple con los eximentes dispuestos en ley.

Luego de examinar el expediente que nos ocupa, procedemos a expresarnos.

## II

### A

La Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, regula lo concerniente a la fianza de no residente. La misma tiene como objetivo desalentar los litigios frívolos, así como garantizar a la parte demandada en un pleito el pago de las costas, gastos y honorarios de abogado. *VS PR, LLC v. Drift-Wind, Inc.,* 207 DPR 253, 261 (2021); *Sunc. Padrón v. Cayo Norte*, 161 DPR 761, 766 (2004); *Vaillant v. Santander*, 147 DPR 338, 348 (1998). La referida Regla, *supra,* dispone:

> Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá una fianza para garantizar las costas, gastos y honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.
>
> Transcurridos sesenta (60) días, desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.
>
> No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:
>
> (a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
>
> (b) se trate de un(a) copropietario(a) en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro(a) de los(las) copropietarios(as) también es reclamante y reside en Puerto Rico, o
>
> (c) se trate de un pleito instado por un(a) comunero(a) para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

La jurisprudencia interpretativa del antedicho precepto ha resuelto el carácter mandatorio de la imposición de la fianza allí estatuida. Así, salvo que concurran las circunstancias de excepción expresamente consignadas, no queda al arbitrio del tribunal adjudicador la imposición, o no, de una fianza de no residente cuando el demandante residiere fuera de Puerto Rico. *VS PR, LLC v. Drift-Wind, Inc.,* supra, págs. 262-263. De este modo, la letra misma de la Regla 69.5, *supra*, limita la discreción del juzgador competente a tal fin. *Sunc. Padrón v. Cayo Norte,* supra, pág. 766; *Vaillant v. Santander*, supra, pág. 347-348.

**B**

Sabido es, que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 63, 216 DPR __ (2025).

**III**

En el caso ante nuestra consideración, la parte recurrida alega que el Foro de Instancia incidió al no imponerle la fianza de no residente al señor Centeno Rodríguez. Plantea que, bajo ninguna de las excepciones que establecen las Reglas de Procedimiento Civil, *supra,* este queda exento de prestar la misma. A tales efectos, sostiene que el señor Centeno Rodríguez no ha sido cualificado como insolvente, ni es copropietario de una propiedad sita en Puerto Rico que fuese objeto del caso ante nuestra consideración. Además, arguye que tampoco es un comunero en un pleito sobre la disolución, liquidación, partición o adjudicación de bienes ubicados en Puerto Rico.

Tal esbozado en el entendido doctrinal, en aras de proteger los derechos de recobro que le asisten a un demandado cuando quien promueve un pleito en su contra es uno no domiciliado en nuestra jurisdicción, la fianza de no residente se perfila como un mecanismo de garantía eficiente a tales efectos. Es por ello que su imposición es una mandatoria, que redunda en sustraer de la discreción del juzgador la potestad de decidir si la ordenará. No obstante, el ordenamiento procesal reconoce, de manera taxativa y expresa, tres (3) instancias que permiten prescindir del cumplimiento de la obligación en controversia, todo por constituir situaciones que salvaguardan las prerrogativas que se pretende proteger. Sin embargo, no concurriendo, en la controversia de que trate, alguna de las mismas, la imposición de la fianza de no residente mantiene su carácter obligatorio.

Surge del presente caso que el Foro Primario eximió al señor Centeno Rodríguez de prestar la fianza de litigantes no residentes, al entender que uno de los codemandantes tenía domicilio en Puerto Rico. Sin embargo, tras evaluar el derecho aplicable, no identificamos disposición alguna que reconozca dicha circunstancia como una excepción válida para relevarlo de esta obligación. A su vez, tampoco surge que al señor Centeno Rodríguez, le aplique alguna de las excepciones contempladas por nuestro ordenamiento jurídico. Veamos.

De los documentos en autos no emana que el señor Centeno Rodríguez haya sido reconocido como un litigante insolvente. De igual forma, no se desprende que la controversia verse sobre un bien inmueble ubicado en Puerto Rico del cual él sea copropietario junto a otro codemandante que resida en nuestra jurisdicción. Asimismo, no estamos ante un pleito sobre la disolución, liquidación, partición o adjudicación de bienes situados en Puerto Rico, y del cual el señor

Centeno Rodríguez posea en común con un codemandante domiciliado en la Isla.

De este modo, concluimos que por no encontrarse el señor Centeno Rodríguez dentro de las excepciones antes aludidas, el Tribunal de Primera Instancia venía en la obligación de ordenarle la prestación de fianza de no residente. Siendo así, justipreciamos que se cometió el error señalado por la parte peticionaria, por lo que revocamos la *Orden* recurrida.

**IV**

Por los fundamentos antes esbozados, expedimos el auto de *Certiorari*, y revocamos la *Orden* recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones